|   |   |   |
|---|---|---|
| 1 | **ALBERT SANDOVAL** | FILED |
| 2 | *Plaintiff in pro se*<br>528 Palisades Drive, #720 |   |
|   | Pacific Palisades, CA 90272 | 2010 MAR 12 P 1: 14 |
| 3 | Telephone: (213) 949-2323 |   |
|   | albertsandoval@mac.com |   |

IFP
NP
9

ADR

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALBERT SANDOVAL, an individual,   ) CASE NO. CV 10-01066
                                  )
    Plaintiff,                    ) **COMPLAINT:**            SI
                                  )
vs.                               ) (1) **WILLFUL COPYRIGHT**
                                  )     **INFRINGEMENT;**
ZILLIONTV CORPORATION, a Delaware ) (2) **CONTRIBUTORY**
corporation, SIERRA VENTURES      )     **COPYRIGHT**
ASSOCIATES IX, L.P., SIERRA       )     **INFRINGEMENT**
VENTURES IX, L.P., SIERRA VENTURES) (3) **VICARIOUS COPYRIGHT**
X, L.P., state entities unknown, QWEST)  **INFRINGEMENT**
COMMUNICATIONS INTERNATIONAL,     ) (4) **DECLARATORY AND**
INC., a Delaware corporation, MITCHELL)  **INJUNCTIVE RELIEF;**
BERMAN, an individual, DAVID      ) (5) **DAMAGES**
CHARLES SCHWAB, an individual, JACK)
LAWRENCE, an individual, ELIZABETH)
SEIDNER DAVIDOFF, an individual and)
DOES 1-100, inclusive,            )
                                  )
    Defendants.                   )
_____)

Plaintiff ALBERT SANDOVAL, an individual (hereinafter referred to as "Sandoval" or "Plaintiff") hereby submits this Complaint against Defendants listed above and allege as follows:

1

COMPLAINT

## JURISDICTION AND VENUE

1. This complaint alleges copyright infringement arising under the Copyright Acts 1909 and 1976, 17 U.S.C. §§ 101 et seq., and a claim for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 ("a case of controversy within its jurisdiction"). This Court has subject matter jurisdiction over these federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1491 and 1400(a) because the copyright infringement that gives rise to these claims occurred in this district, and because each of the Defendants either resides or is doing business here.

## INTRODUCTION

3. The Plaintiff entered into an Independent Contractor agreement ("Agreement") with the Defendants in July of 2009 and was hired as a marketing consultant, a true and correct copy of the Agreement is attached hereto as EXHIBIT A. The Agreement was signed by the Defendant DAVID CHARLES SCHWAB, an agent of SIERRA VENTURES for Defendant ZILLIONTV, an Internet-protocol television company that offers movies, TV shows and other video entertainment on a television through an Internet connection. The scope of work and deliverables was defined in the Agreement between the Plaintiff and the Defendants and included strategic business and marketing development and did not include the development or creation of any original designs or illustrations. ZillionTV has licensed content from major studios like, 20th Century Fox, Disney, Paramount, Sony and Warner Bros., among others. On or about August 2009 the Plaintiff independently began development and creation of a collection of original illustrations and designs called "IPTV User Interface Graphics". The Defendants wished to license the collection of original designs to be used on ZillionTV's "user interface" of interactive TV products.

4. The Plaintiff made an arrangement to sell usage rights of the collection of original illustrations and designs to the Defendants on or about August 7, 2009 provided the

1  Defendants would pay a fee of up to $500 per original design and above and beyond his
2  regular consulting fees as agreed by Defendants in several emails attached hereto as
3  EXHIBIT B. Plaintiff notified the Defendants that the "works made for hire" clause in the
4  Agreement did not include original illustrations and designs as defined under 17 U.S.C.
5  Section 101. The Plaintiff also notified the Defendants that a transfer of ownership may be
6  made upon payment in full according to 17 U.S.C. Section 204. On or about September 15,
7  2009, Defendants took copies of over 100 original illustrations and designs, including art that
8  was later revised and/or updated. The Plaintiff further notified the Defendants that proper
9  usage rights would be granted to the Defendant upon Plaintiffs' receipt of payment in full
10 and included this line in all invoices "All copyrights reserved until payment in full for all
11 assets is received."

12  5.  The dispute arose when the Plaintiff discovered that the Defendants were
13 using his protected works without permission and before paying for the work.

14  6.  The Plaintiff gave the Defendants many opportunities to pay for the work
15 according to their agreement and resolve the dispute in a fair manner while the Defendants
16 continued ignoring his requests for payments, creating delays, stalling and defaulting on
17 every promise to pay. On or about December 7, 2009, Plaintiff was told by the Defendants
18 that they did not intend to pay him for the work. On or about December 8, 2009, Defendant
19 applied for a registration of Copyright for the collection of work and was assigned a service
20 request number of: 1-292458981. On or about December 13, 2009, the Plaintiff became
21 aware that the Defendants had continued to use the protected works despite not paying for
22 the usage rights and despite his demands to cease and desist the unauthorized use. On or
23 about December 13, 2009, Plaintiff sent a Notice of Copyright Infringement demanding the
24 Defendants i) cease unauthorized use of the protected works immediately and ii) provide the
25 Plaintiff prompt written assurance that the Defendants would cease and desist their
26 unauthorized use immediately. The notices were sent by email, fax and certified mail to ALL
27 Defendants listed above as well as service providers known to the Plaintiff and are attached
28 hereto as EXHIBIT C. ALL Defendants including investors and board members listed above

1  and through their negligent failure to prevent the ongoing infringement, have ignored all the
2  Plaintiffs' cease and desist demands and have refused to pay the Defendant for the usage
3  rights and are causing great economic damage by preventing the Plaintiff from claiming
4  ownership or licensing his original works to any other companies, while willfully infringing
5  on the protected works and benefiting financially and commercially by the unlawful use of
6  the "IPTV User Interface Graphics."

7.  Defendants and agents of the Defendants have continuously ignored the Plaintiff's demands for payment and have ignored all cease and desist notices and demands, while continuing to infringe on the Copyrighted works since at least September 15, 2009.

8.  As a result of the Plaintiffs' attempts to be paid for the use of his work and as a result of the cease and desist notices and demands: Defendants filed a lawsuit in the Superior Court of Santa Clara County against the Plaintiff for Breach of Contract, Conversion and Defamation alleging the Plaintiff's copyright claim was "untrue" and that the Plaintiff was attempting to "extort" "excessive" payments from the Defendants. The complaint also alleges that the Plaintiff did not have the right to claim ownership of the work because of the "works made for hire" clause in the Agreement. In the State Court action, the Defendants complaint alleged that the Copyright claim by the Plaintiff is not proven, despite the cease and desist demands and the Certificate of Registration issued by the U.S. Copyright Office and attached hereto as EXHIBIT D.

9.  The Defendants secured a preliminary injunction in State Court on February 18, 2010 restricting the Plaintiff from claiming ownership of the protected works.

10.  To date, the Defendants continue to willfully infringe on the Plaintiff's Copyrighted work without paying for the work and without express permission or license to use the work. The only communication regarding the unauthorized use was a lawsuit filed by the Defendants and an injunction in State Court against the Plaintiff, preventing him from claiming ownership over the work and from protecting and licensing the work to other companies. The Defendants continue to gain economic benefits of commercial use of the protected works while causing severe economic damage to the Plaintiff.

11. By this action, Plaintiff seeks to recover all of the damages incurred by Plaintiff as a result of Defendants' conduct.

## PARTIES

12. Plaintiff ALBERT SANDOVAL ("Plaintiff" or "Sandoval") was and is an individual residing in the County of Los Angeles, in the State of California.

13. Plaintiff is informed and believes, and based thereon alleges that, at all times relevant herein, Defendant ZILLIONTV CORPORATION ("Defendant" or "ZillionTV"), was and is a Delaware Corporation, and is doing business in the County of Santa Clara in the State of California.

14. Plaintiff is informed and believes, and based thereon alleges that, at all times relevant herein, Defendant SIERRA VENTURES ASSOCIATES IX, LLC, SIERRA VENTURES IX, L.P. and SIERRA VENTURES X, L.P. ("Defendant" or "Sierra Ventures"), was and are entities and due to duplicate records, states are unknown at this time, and is doing business in the County of Santa Clara in the State of California as ZillionTV's lead investors, board chairman and members and controlling parent company.

15. Plaintiff is informed and believes, and based thereon alleges that, at all times relevant herein, Defendant QWEST COMMUNICATIONS INTERNATIONAL, INC. ("Defendant" or "Qwest"), was and is a Delaware Corporation, and is doing business in the County of Santa Clara in the State of California as one of ZillionTV's lead investors and board members as well as an exclusive distributor of ZillionTV's set-top box product.

16. Plaintiff is informed and believes, and based thereon alleges that, at all times relevant herein, Defendant MITCHELL BERMAN ("Defendant" or "Berman"), was and is an individual, residing in Santa Clara County, in the State of California as ZillionTV's Executive Chairman.

17. Plaintiff is informed and believes, and based thereon alleges that, at all times relevant herein, Defendant DAVID CHARLES SCHWAB ("Defendant" or "Schwab"), was

1   and is an individual, residing in Santa Clara County, in the State of California as Managing
2   Director and an agent of Sierra Ventures and ZillionTV's Chairman of the Board.

3       18.    Plaintiff is informed and believes, and based thereon alleges that, at all times
4   relevant herein, Defendant JACK LAWRENCE ("Defendant" or "Lawrence"), was and is an
5   individual, residing in Santa Clara County, in the State of California as ZillionTV's Chief
6   Executive Officer and President.

7       19.    Plaintiff is informed and believes, and based thereon alleges that, at all times
8   relevant herein, Defendant ELIZABETH SEIDNER DAVIDOFF ("Defendant" or
9   "Davidoff"), was and is an individual, residing in San Francisco County, in the State of
10  California as Senior Vice President of Global Marketing for ZillionTV.

11      20.    Plaintiff is ignorant of the true names and capacities of Defendants sued
12  herein as DOES 1 through 100, inclusive, and Plaintiff therefore names and sues these
13  Defendants, and each of them, by such fictitious names. Plaintiff will amend this Complaint
14  to allege the true names of Defendants DOES 1 through 100, inclusive, when the same has
15  been ascertained. Plaintiff is informed and believes, and on that basis allege, that each of the
16  fictitiously named Defendants are responsible in some manner for the occurrences herein
17  alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by the acts
18  and omissions of these Defendants.

19      21.    Plaintiffs are informed and believe, and on that basis allege that, at all times
20  herein mentioned, each of the Defendants sued herein including DOES 1 through 100
21  inclusive, was the agent, partner, affiliate, and employee of each of the remaining Defendants
22  and was at all times acting within the course and scope of such position and with the
23  knowledge and consent of each other.

## FACTS COMMON TO ALL CLAIMS

26      22.    Each of the works at issue in this action are of obvious high value and is easily
27  discernable as professional work, screenshots showing some of the IPTV User Interface
28  Graphics used on the ZillionTV product is attached hereto as EXHIBIT E.

23. Each of the works at issue in this action is registered to the Plaintiff with the United States Copyright Office. True and complete copies of the registration certificate for works that are known to have been infringed are attached hereto as EXHIBIT C.

24. Defendants knew the infringed works belonged to Plaintiff and even filed a lawsuit against the Plaintiff calling his attempts to be paid or to cease and desist the infringement as "extortion" and alleged that the Plaintiff's Copyright claim was untrue and invalid.

25. Defendants have willfully infringed on the protected works since at least September 15, 2009 and have used the work commercially in the "user interface" of their set-top box product that is currently in the market.

26. Defendants, without authorization, copied, distributed and/or publicly displayed all of the copyrighted works owned by and registered to Plaintiff.

## FIRST CAUSE OF ACTION

(Copyright Infringement – 17 U.S.C. §501)

Plaintiff Albert Sandoval Owns Federally Registered Copyrights of Creative Works

27. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 26, inclusive.

28. At all times relevant hereto, Plaintiff has been the creator and owner of the creative works reproduced, distributed and publicly displayed by Defendants through their Internet-Protocol Television product, including without limitation ZillionTV's set-top box and Qwest Communications' IPTV distribution.

29. For each of the works at issue in this matter, Plaintiff holds a copyright registration certificate from the United States Copyright Office.

30. Without authorization, Defendants reproduced and distributed the following Plaintiff owned and copyrighted works: IPTV User Interface Graphics, U.S. Copyright Registration Number VAu 1-008-719.

31. Plaintiff did not authorize Defendants' copying, display or distribution of its works. <u>Defendants Willfully Infringed Plaintiff's Registered Copyrights.</u>

32. Defendants infringed the copyrights in Plaintiff's creative works by reproducing, distributing and/or publicly displaying the works by and through their ZillionTV set-top box product through various distribution channels without proper approval or authorization by the Plaintiff.

33. Defendants knew the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works.

34. Defendants knew their acts constituted copyright infringement.

35. Defendants' conduct was willful within the meaning of the Copyright Act.

36. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

37. Plaintiff is entitled to recover damages, which include losses and any and all profits Defendants have made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

38. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

39. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
(Contributory Copyright Infringement)

40. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 39, inclusive.

41. Numerous individuals and entities directly infringed Plaintiff's copyrighted works including but not limited to all Defendants listed above.

42. Defendants induced, caused and materially contributed to the infringing acts of others by allowing and assisting others to reproduce and distribute Plaintiff's works through the ZillionTV set-top box product.

43. All Defendants listed above had knowledge of the infringing acts relating to Plaintiff's copyrighted works.

44. The acts and conduct of Defendants, as alleged above in this Complaint constitute contributory copyright infringement.

### THIRD CAUSE OF ACTION

#### (Vicarious Copyright Infringement)

45. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 44, inclusive.

46. Numerous individuals and entities directly infringed Plaintiff's copyrighted works including but not limited to all Defendants listed above.

47. Defendants had the right and ability to control the infringing acts of the individuals or entities who directly infringed Plaintiff's works.

48. Defendants obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed Plaintiff's works.

49. The acts and conduct of Defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

### JURY DEMAND

50. Plaintiff hereby demands a jury trial in this case.

### PRAYER

WHEREFORE, Plaintiff Albert Sandoval respectfully requests judgment as follows:

(1) That the Court enter a judgment against Defendants that they have:

1          a.     willfully infringed Plaintiff's rights in federally registered
2                copyrights under 17 U.S.C. § 501,
3          b.     otherwise injured the business reputation and business of
4                Plaintiff by Defendants' acts and conduct set forth in this
5                Complaint.

6      (2) That the Court issue injunctive relief against Defendants, and that

7  Defendants, their agents, representatives, servants, employees, attorneys, successors and

8  assigns, and all others in active concert or participation with they, be enjoined and restrained

9  from copying, posting or making any other infringing use or infringing distribution of

10 audiovisual works, photographs or other materials owned by or registered to the Plaintiff;

11     (3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§

12 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works,

13 photographs or other materials, which are in Defendants' possession or under its control;

14     (4) That the Court order Defendants to pay Plaintiff's general, special, actual

15 and statutory damages as follows:

16         a.     Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C.
17               § 504(b), or in the alternative, enhanced statutory damages
18               pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful
19               infringement of Plaintiff's copyrights; and
20         b.     Plaintiff's actual damages;

21     (5) That the Court order Defendants to pay punitive damages.

22     (6) That the Court order Defendants to pay Plaintiff the cost of this action and

23 the cost of the action taken to defend against Defendants' State Court action pursuant to 17

24 U.S.C. § 504.

25

26

27 Dated: March 12, 2010                                   ALBERT SANDOVAL
                                                          *Plaintiff in pro se*

28