United States District Court
For the Northern District of California

1
2
3
4
5                   IN THE UNITED STATES DISTRICT COURT
6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    ALBERT SANDOVAL,                          No. C 10-01066 SI
9            Plaintiff,                        **ORDER SETTING ASIDE DEFAULT**
10     v.
11   ZILLIONTV CORPORATION, ET AL.,
12           Defendants.
                                          /
13
14        Plaintiff's request for entry of default and defendant Quest Communications International, Inc.'s
15   motion to set aside default are currently scheduled for hearing on October 26, 2010.  Pursuant to Civil
16   Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and
17   hereby VACATES the hearing.  **The Case Management Conference scheduled for 3:00 p.m. on**
18   **October 26, 2010 remains on calendar.**  Having considered the papers submitted, and for good cause
19   shown, the Court hereby sets aside the default by Quest Communications International, Inc.
20        The procedural posture of this action is somewhat confused.  Defendant Quest Communications
21   International, Inc. ("QCI") was served on May 21, 2010.  By July 28, QCI had not responded to the
22   complaint, and the pro se plaintiff filed a request for entry of default judgment against defendant QCI.
23   This was procedurally improper.  Plaintiff was entitled at that point only to request that the clerk enter
24   default.  Had default been entered by the clerk, then plaintiff could thereafter have sought entry of
25   default judgment by the Court.
26        Since the request for default judgment was improper, on August 3, the clerk declined to enter
27   default. The next day, plaintiff filed a request for entry of default, which would have been procedurally
28   proper, but on August 6, defendant QCI filed a motion to set aside default.  The request for entry of

1 default and the motion to set it aside are now both before the Court.  In addition, on August 12 QCI

2 answered the complaint.

3         A district court has discretion whether or not to enter default judgment, and by extension entry

4 of default.

5         Factors which may be considered by courts in exercising discretion as to the entry of a
   default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits
6   of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money
   at stake in the action; (5) the possibility of a dispute concerning material facts; (6)
7   whether the default was due to excusable neglect, and (7) the strong policy underlying
   the Federal Rules of Civil Procedure favoring decisions on the merits.

8 *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  "To be prejudicial, the setting aside of a

9 judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins.*

10 *Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001).

11        Defendant QCI has shown that its failure to answer was excusable neglect, and it has

12 demonstrated an ability to defend on the merits.  Plaintiff has not argued that he will suffer any prejudice

13 if default is not entered.  Courts favor resolution of cases on their merits.

14        For the foregoing reasons and for good cause shown, the Court will not enter default or default

15 judgment against QCI and will set aside its default.  (Dkt.. 22, 26) **The Case Management Conference**

16 **scheduled for 3:00 p.m. on October 26, 2010 remains on calendar.**

17        **IT IS SO ORDERED.**

18

19

20 Dated:  October 14, 2010

   _____
   SUSAN ILLSTON
21 United States District Judge

22

23

24

25

26

27

28

United States District Court
For the Northern District of California