IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT SANDOVAL, | No. C 10-01066 SI |
| Plaintiff, | **ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS MOOT** |
| v. | |
| ZILLIONTV CORPORATION, ET AL., | |
| Defendants. | |

In this case, pro se plaintiff Albert Sandoval alleges willful copyright infringement, contributory copyright infringement, and vicarious copyright infringement against defendants ZillionTV Corp., Sierra Ventures Associates IX, L.P., Sierra Ventures IX, L.P., Sierra Ventures X, L.P., Mitchell Berman, David Charles Schwab, Jack Lawrence, Elizabeth Seidner Davidoff, and Qwest Communications International, Inc. ("Qwest"). Compl. at 1. The allegations stem out of ZillionTV's use of images created by plaintiff after ZillionTV and Energi, Inc.—of which plaintiff is president—entered into an independent contractor agreement. Compl. ¶¶ 3–7.

On December 9, 2010, the Court heard argument on two motions for summary judgment filed by the defendants in this case. The Court has granted Qwest's summary judgment motion. Still pending before the Court is the second summary judgment motion, filed by the remaining defendants.

Plaintiff did not appear at the hearing or otherwise file papers responding to defendants' motion.[1]

---

[1] On November 4, 2010, defendants served notice of their motion to plaintiff by first class mail, sent to the only address listed for plaintiff on the district court docket. Doc. 43. Additionally, days before the hearing the court clerk left plaintiff a voice mail message at the phone number listed on the docket to inform him of the hearing and received a voice mail message in return acknowledging the voice mail (though denying previously being aware of defendants' motion or the hearing date). The court clerk left a subsequent voice mail informing plaintiff that the Court would contact him by phone

Nor did plaintiff respond to Qwest's motion for summary judgment.[2] Moreover, plaintiff failed to appear at the last case management conference, held on October 26, 2010. Doc. 38. According to the case management statement filed by remaining defendants on October 19, 2010, to which plaintiff has not responded, plaintiff has not served defendants with Rule 26 disclosures. Doc. 35. Additionally, defendants submitted the statement on behalf of themselves only, rather than as a joint statement with plaintiff, because they were unable to contact plaintiff. *Id.*; *see also* Doc. 37 (same with regard to Qwest's statement).

Since the final defendant in this case was served in early August of this year, plaintiff has not filed anything in this case. He has failed to respond to two potentially dispositive motions, failed to appear at a scheduled hearing, and failed to appear at a scheduled case management conference. Even before that time, his filings have been very limited and have not moved the case forward in any significant way. Rather, they have consisted of a complaint, an IFP application, correspondence with the court about service of process, and default motions that have been denied.

Moreover, as plaintiff stated in his pleadings, defendant ZillionTV filed a lawsuit in the Superior Court of Santa Clara County against plaintiff for breach of contract, conversion, and defamation before this federal case was filed. Compl. ¶ 8; *Zilliontv Corp. v. Energi, Inc.*, Case No. 1-10-CV-161119 (Cal. Super. Ct.), Docket ("Super. Ct. Docket").[3] That complaint raises at least similar issues to this case, as ZillionTV there alleges that plaintiff does not have the right to claim ownership of the work that is the subject of this copyright suit. Compl. ¶ 8. Additionally, all other remaining defendants in this case have been named as cross-defendants in the state court proceedings. Super. Ct. Docket. Proceedings in that case are ongoing.

Federal Rule of Civil Procedure ("Rule") 41(b) states that "[i]f the plaintiff fails to prosecute or

---

during the hearing. The Court attempted to contact plaintiff by phone during the hearing but was not able to reach him.

[2] Defendant Qwest served plaintiff in the same manner as the remaining defendants, on October 27, 2010. Doc. 39-7.

[3] A court may take judicial notice of the docket in another case. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); Fed. R. Ev. 201(b).

to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Ninth Circuit has made clear that "courts may dismiss under Rule 41(b) sua sponte." *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005).[4] Dismissal for failure to prosecute may be with or without prejudice. *See In re Jee*, 799 F.2d 532, 534 n.2 (9th Cir. 1986).

The Ninth Circuit requires a district court to weigh five factors to determine whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000). Regarding prejudice, the Ninth Circuit has explained that "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . The law presumes injury from unreasonable delay. However, this presumption of prejudice is a rebuttable one . . . ." *Id.*

These factors support dismissal without prejudice in this case. Plaintiff's ongoing failure to respond to defendants' meet and confer requests, disclosure requests, and motions before the Court prejudices defendants, who are expending time and resources to defend this case and attempt to move it forward, without avail. Plaintiff has not elaborated on his contentions since filing his complaint nine months ago, either by providing defendants with documentary support or responding to defendants' moving papers, or even by engaging in settlement negotiations. Plaintiff's delay in prosecuting this action is unreasonable. It has prejudiced defendants and interfered with the Court's ability to manage its docket and resolve litigation in the expeditious manner to which the public is entitled.

Although terminating sanctions are generally considered to be drastic, in this case they are not. There are ongoing proceedings in a state forum where similar or identical issues have been raised and are being litigated by the same parties. Dismissal will not impact the proceedings in Santa Clara County. Additionally, the dismissal is without prejudice to the refiling of a federal suit. It will not prevent the case from being adjudicated on the merits. Moreover, as plaintiff is pro se and is proceeding

---

[4] The Court qualified this statement with the phrase "at least under certain circumstances," but no further explanation. *Id.*

3

IFP, monetary sanctions would not be less drastic.

For the foregoing reasons and for good cause shown, the Court hereby DISMISSES this case sua sponte and without prejudice. Defendants' motion for summary judgment is denied as moot. (Doc. 40.)

**IT IS SO ORDERED.**

Dated: December 17, 2010

SUSAN ILLSTON
United States District Judge